Dear Representative Marionneaux:
You have related to this office that the owners of a nursing home have an ownership interest in a pharmacy which provides drugs and medical supplies to residents of the nursing home. The Medicaid program reimburses the pharmacy as health care provider.
We have already advised via Attorney General Opinion 00-172 that Louisiana law does not prohibit the ownership of a nursing home from owning an interest in a pharmacy serving the patients of that nursing home. The statutes which you cite in your letter, specifically, R.S. 46:438.2[1] and R.S. 14:70.5[2]
prohibit knowing and willful illegal remuneration, such as bribes or rebates, for patient referrals. Our state law was enacted upon review of the Medicaid program at the federal level, where Congressional investigation revealed that "the most pervasive fraudulent scheme involved kickback arrangements whereby the pharmacist makes payments to a nursing home in return for the referral of patients." See 36 Emory L.J. 691, at footnote 158, citing the Special Committee on Aging, Fraud and Abuse Among Clinical Laboratories, S.Rep. No. 944, 94th Cong. 2D Sess. (1976).
Medicaid fraud and abuse control is managed by the Health Care Financing Administration (HCFA) as the entity responsible for administering Medicaid federally. However, oversight and enforcement resides primarily with the states. Each state administers its Medicaid program, which is situated here in Louisiana in the Department of Health and Hospitals. Within that agency there is a surveillance and utilization review subsystem (SURS) unit dedicated to review paid claims to identify suspect billing practices or other aberrations indicating potential wrongdoing. The SURS rule which concerns you in the instant matter is LAC 50:4129 A (18)(19) and (20) providing:
 § 4129. Violations
 A. The following is a list of violations.
 * * * * *
 18. Engaging in the practice of charging or accepting payments, in whole or in part, from one or more recipients for goods, services, or supplies for which the provider has made or will make a claim for payment to the Louisiana Medicaid program is a violation of this provision, unless this prohibition has been specifically excluded within the program under which the claim was submitted or will be made or the payment by the recipient is an authorized co-payment or is otherwise specifically authorized by law or regulation. Having engaged in practices prohibited by R.S. 46:438.2 or the federal anti-kickback or anti-referral statutes is also a violation of this provision.
 19. Having rebated or accepted a fee or a portion of a fee or anything of value for a Medicaid recipient referral is a violation of this provision, unless this prohibition has been specifically excluded within the program or is otherwise authorized by statute or regulation, rule, policy, criteria or procedure of the department through BHSF. Having engaged in practices prohibited by R.S. 46:438.2 or the federal anti-kickback or anti-referral statutes is also a violation of this provision.
 20. Paying to another a fee in cash or kind for the purpose of obtaining recipient lists or recipients names is a violation of this provision, unless this prohibition has been specifically excluded within the program or is otherwise authorized by statute or regulation, rule, policy, criteria or procedure of the department through BHSF. Using or possessing any recipient list or information, which was obtained through unauthorized means, or using such in an unauthorized manner is also a violation of this provision. Having engaged in practices prohibited by R.S. 46:438.2 or R.S. 46:438.4 or the federal anti-kickback or anti-referral statutes is also a violation of this provision. See Louisiana Register Vol. 25, No. 9, September 20, 1999, at page 1641.
The simple existence of common ownership between the nursing home and the pharmacy is, in and of itself, not violative of the laws cited. Again, the existence of an improper financial relationship between the nursing home and the pharmacy, and whether those business practices constitute illegal remuneration, are fact-specific questions. You have not related any facts which would indicate a suspect business arrangement subject to criminal prosecution or Medicaid program exclusion. Our answer is intended to be responsive only to the legal question concerning ownership presented in your letter and is limited to that application.
The Department of Health and Hospitals is the Louisiana agency which administers the state Medicaid program and oversees Medicaid program integrity activities. As the oversight agency, DHH administers the provider enrollment process and conducts prepayment and post-payment review of claims. Specific questions concerning business practices should be referred to that agency for review.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
[1] § 438.2. Illegal remuneration
A. No person shall solicit, receive, offer, or pay any remuneration, including but not limited to kickbacks, bribes, rebates, or bed hold payments, directly or indirectly, overtly or covertly, in cash or in kind, for the following:
(1) In return for referring an individual to a health care provider, or for referring an individual to another person for the purpose of referring an individual to a health care provider, for the furnishing or arranging to furnish any good, supply, or service for which payment be made, in whole or in part, under the medical assistance programs.
(2) In return for purchasing, leasing, or ordering, or for arranging for or recommending purchasing, leasing, or ordering, any good, supply, or service, or facility for which payment may be made, in whole or in part, under the medical assistance programs.
(3) To a recipient of goods, services, or supplies, or his representative, for which payment may be made, in whole or in part, under the medical assistance programs.
(4) To obtain a recipient list, number, name, or any other identifying information.
B. An action brought pursuant to the provisions of this Section shall be instituted within one year of when the department knew that the prohibited conduct occurred. Such prohibited conduct shall be referred to in this Part as "illegal numeration".
C. By rules and regulations promulgated in accordance with the Administrative Procedure Act, the secretary may provide for additional "safe harbor" exceptions to which the provisions of this Section shall not apply
D. The following are "safe harbor" exceptions to which the provisions of this Section shall not apply:
(1) A discount or other reduction in price obtained by a health care provider under the medical assistance programs if the reduction in price is properly disclosed to the department and is reflected in the claim made by the health care provider.
(2) Any amount paid by an employer to an employee, who has a bona fide employment relationship with such employer, for the provision of covered goods, services, or supplies.
(3) Any discount amount paid by a vendor of goods, services, or supplies to a person authorized to act as a purchasing agent for a group of health care providers who are furnishing goods, services, or supplies paid or reimbursed under the medical assistance programs provided the following criteria are met:
(a) The person acting as the purchasing agent has written contract with each health care provider specifying the amount to be paid to the purchasing agent, which amount may be a fixed amount or a fixed percentage of the value of the purchases made by each such health care provider under the contract, or a combination of both.
(b) The health provider discloses the information contained in the required written contract to the secretary in such form or manner as required under rules and regulations promulgated by the secretary in accordance with the Administrative Procedure Act.
(4) Any other "safe harbor" exception created by federal or state law or by rule.
[2] § 70.5 Fraudulent remuneration
A. Fraudulent remuneration is the intentional solicitation, receipt, offer, or payment of any remuneration, including but not limited to bribes, rebates, or bed hold payments, directly or indirectly, overtly, or covertly, in cash or in kind, to or from a third party for the following:
(1) In return for the referral of an individual to a health care provider for the purpose of providing any good, service, or supply, billed to the Louisiana medical assistance program.
(2) In return for purchasing, leasing, or ordering, or for arranging or recommending for the purchasing, leasing, or ordering, of any good, supply, service, or facility billed to the Louisiana medical assistance program.
(3) For the recruitment of new patients for the purpose of providing any good, supply, service, or facility billed to the Louisiana medical assistance program.
(4) To any recipient or his representative, for goods, services, supplies, or facilities furnished to the recipient and billed to the Louisiana medical assistance program.
B. Normal business practices which fall within the "safe harbor" exemptions of R.S. 46:438.2 shall not be construed as an offense under the provisions of this Section.
C. Whoever commits the crime of fraudulent remuneration shall be imprisoned, with or without hard labor, for not more than five years, or may be fined not more than twenty thousand dollars, or both.